UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-392(DSD/SRN)

Daniel Johnson,

      Plaintiff,

v.                                                              ORDER

Bert Bell/Pete Rozelle
NFL Player Retirement Plan,

      Defendant.

>   James P. Carey, Esq. and Sieben, Grose, Von Holtum & Carey, 800 Marquette Avenue, Suite 900, Minneapolis, MN 55402, counsel for plaintiff.
>
>   August A. Imholtz III, Esq, Douglas W. Ell, Esq., Edward A. Scallet, Esq. and Groom Law Group, Chartered, 1701 Pennsylvania Avenue NW, Suite 1200, Washington, D.C. 20006 and Steven Z. Kaplan, Esq. and Fredrikson & Byron, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the parties' cross motions for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiff's motion and grants defendant's motion.

**BACKGROUND**

This is an action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. Defendant Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Plan") provides disability benefits to vested inactive professional football

players who are totally and permanently disabled. Plaintiff Daniel Johnson is a vested inactive player under the Plan. He applied for disability benefits under the Plan in October of 2000, but defendant denied his claim. In February of 2002, he applied again and was ultimately granted benefits effective August 1, 2002. Johnson claims that the Board violated ERISA because it abused its discretion in determining his effective start date for receiving benefits.

Under the Plan, a player may receive total and permanent ("T&P") disability benefits if "he is substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit." (Gaunt Decl. Ex. A-2 at 21.) If the player's disability is "Football Degenerative" and arises out of NFL football activities, then the monthly T&P payment must be at least $4,000. (Id. at 6.) The Plan's Disability Initial Claims Committee ("Claims Committee") decides all initial claims for disability benefits. (Id. at 19.) The Plan's Retirement Board (the "Board") decides appeals from decisions made by the Claims Committee and renders final decisions on behalf of the Plan. (Id. at 16-17.)

Johnson played professional football from 1982 through 1988, whereupon he sustained a back injury that ended his career. On August 4, 1988, Johnson had surgery to repair the injury, but his condition gradually degenerated thereafter. On October 9, 2000,

Johnson first applied for T&P disability benefits under the Plan. There is no evidence that Johnson ever sought medical attention for his back condition before his first application for benefits.  The Plan referred Johnson to neutral physician[1] Dr. Edward Hanley for a medical examination.  On October 19, 2000, Dr. Hanley evaluated Johnson and determined that he was not totally and permanently disabled.  Rather, Dr. Hanley concluded that Johnson could perform some form of sedentary work.

Based on Dr. Hanley's conclusions, on January 11, 2001, the Claims Committee denied Johnson's application for benefits. Johnson appealed the decision, but did not submit any additional evidence of his disability.  On April 12, 2001, the Board denied his appeal.

In November of 2001, Johnson sought a medical diagnosis from Dr. Scott Middlebrooks.  Dr. Middlebrooks concluded that Johnson's back impairment caused him to be "disabled from any occupation, as his current problem precludes ... the ability to sit for a prolonged period of time, due to continued back pain."  (AR Doc. No. 45 at 2.)  As a result of Dr. Middlebrooks's diagnosis, Johnson

---

[1] A "neutral" physician is approved by both the trustees appointed by the NFL Management Council and the trustees appointed by the NFL Players Association.  The NFL Management Council is the exclusive collective bargaining representative for the NFL teams, whereas the NFL Players Association is the exclusive collective bargaining representative for the NFL players.

reapplied for T&P disability benefits under the Plan on February 25, 2002.

The Plan again referred Johnson to Dr. Hanley for an evaluation. In contrast to his earlier assessment, Dr. Hanley concluded that Johnson was "totally disabled to the extent that he is substantially unable to engage in any occupation for remuneration or profit." (AR Doc. No. 53 at 1.) Dr. Hanley also noted that Dr. Middlebrooks diagnosed Johnson with "previous fusion L4-5 and L5-S1 with adjacent level instability L3-4" and that this was "consistent with [Dr. Hanley's] previous evaluation." (AR Doc. No. 54.) However, because Dr. Hanley had previously concluded that Johnson was not totally disabled, the Claims Committee requested clarification from Dr. Hanley on this point. (See AR Doc. No. 59.) In response, Dr. Hanley stated that Johnson had chronic back pain, had previously undergone surgery and could "probably do sedentary work." (AR Doc. No. 61.) Based on this information, on April 23, 2002, the Claims Committee denied Johnson's second application for benefits.

When Johnson appealed, the Plan referred him to a different neutral physician, Dr. Craig Chebuhar. On July 23, 2002, Dr. Chebuhar examined Johnson and concluded that he was totally and permanently disabled because his back impairment prevented him from engaging in any employment. However, Dr. Chebuhar also noted that "[w]ith regard to return to any gainful employment, this is a

4

difficult question." (AR Doc No. 72 at 3.) The Board decided that the record was unclear as to Johnson's ability to work. Therefore, it referred him to a Medical Advisory Physician, Dr. Bernard Bach, whose medical determination is final and binding on the Board.

On October 30, 2002, Dr. Bach examined Johnson and concluded that he was totally and permanently disabled from any substantial gainful employment. Based upon Dr. Bach's assessment, the Board awarded T&P benefits to Johnson on January 16, 2003. Thereafter, the Plan began paying him monthly benefits. To determine the amount of retroactive benefits Johnson was entitled to, the Board asked him to submit evidence regarding the appropriate effective start date for his T&P disability benefits, including evidence of previous employment earnings. Johnson did not submit any evidence of medical treatment prior to his November 2001 consultation with Dr. Middlebrooks. However, the tax information he provided reflected earnings of $28,145 in 1997, $26,598 in 1998, $15,408 in 1999, $11,496 in 2000, $17,817 in 2001 and $23,476 in 2002.

On October 9, 2003, the Board determined that Dr. Chebuhar's examination of Johnson on July 23, 2002, resulted in the earliest indication of his total and permanent disability within the meaning of the Plan. Therefore, the Board decided that Johnson's effective start date for benefits was the first day of the following month, or August 1, 2002. After an unsuccessful administrative appeal of the Board's decision as to the start date, Johnson brought this

5

federal action on February 22, 2005. He argues that the appropriate effective start date of his T&P benefits should be in March of 1997. The parties now bring cross motions for summary judgment.

**DISCUSSION**

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party.

6

See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Summary judgment may be appropriate where, as here, the court reviews an administrative decision to deny or limit benefits under an ERISA plan. See Ortlieb v. United HealthCare Choice Plans, 387 F.3d 778, 781-84 (8th Cir. 2004).

**II.  ERISA**

Johnson claims that the Plan improperly determined his benefits start date to be August 1, 2002. If an ERISA benefit plan administrator has discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the court reviews the administrator's decision for an abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Ortlieb, 387 F.3d at 781. In applying an abuse of discretion standard, the court determines whether "a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Wise v. Kind & Knox Gelatin, Inc., 429 F.3d 1188, 1190 (8th Cir. 2005) (internal quotation omitted). To be reasonable, a decision must be based on substantial evidence. Id. "Substantial evidence" is more than a mere scintilla and what a reasonable person might accept as adequate to support the decision. Norris v. Citibank, N.A. Disability Plan (501), 308 F.3d 880, 884 (8th Cir. 2002).

In support of its decision as to Johnson's disability benefits start date, defendant points to the lack of prior medical evidence, the conflicting medical conclusions of Dr. Hanley and Dr. Chebuhar, and Johnson's employment earnings from 1997 to 2002.  Defendant asserts that substantial evidence supports its conclusion that Dr. Chebuhar's examination of Johnson constitutes the first indication that he was totally and permanently disabled.  The court agrees.  Based on the evidence in the record as a whole, a reasonable person could conclude that Johnson's disability benefits should start on August 1, 2002.

Johnson argues that the medical evidence "overwhelmingly" indicates that he was totally and permanently disabled long before 2002.  (See Pl.'s Mem. Supp. Summ. J. at 11.)  He points to the similar conclusions of Doctors Middlebrooks, Chebuhar, and Bach that his disability resulted from an injury sustained in 1988.  However, the date of injury or onset of disability is irrelevant to whether and when Johnson's disability became total and permanent within the meaning of the Plan.  Johnson also contends that defendant improperly considered his employment history because the Plan states that "[a] player will not be considered to be able to engage in any occupation or employment ... merely because such person is employed by the League or an employer ...."  (Id. at 16-17 (internal quotation omitted).)  However, Johnson's quotation of the Plan language is incorrect and misleading.  The Plan does not

refer to the general term "employer," but rather to the specific term "Employer," which is defined as a member club of the NFL. (See Gaunt Decl. Ex. A-1 at 21.)  There is no evidence in the record that Johnson was employed by the NFL or one of its clubs during the time he claims to be disabled.  For all of the above reasons, Johnson has failed to show that defendant's decision to start his disability benefits on August 1, 2002, was unreasonable. Therefore, summary judgment in favor of defendant is warranted.

## CONCLUSION

Based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1.  Defendant's motion for summary judgment [Doc. No. 22] is granted.

2.  Plaintiff's motion for summary judgment [Doc. No. 31] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 10, 2006

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court